**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

ALFREDO G. RUIZ-PAGÁN

    **Plaintiff**

       v.

DEPARTMENT OF EDUCATION OF
PUERTO RICO

    **Defendant**

**CIVIL NO.** 18-1622(RAM)

<u>OPINION AND ORDER</u>

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

Pending before the Court is Defendant the Department of Education of Puerto Rico's ("DOE" or "Defendant") *Motion to Dismiss*. (Docket No. 19). For reasons stated below, the Court **GRANTS** the pending *Motion to Dismiss*.

**I.  BACKGROUND**

On August 29, 2018, Plaintiff Alfredo G. Ruiz-Pagán ("Plaintiff"), represented by his mother Leticia Pagan, filed a *pro se Complaint* against the DOE for alleged violations of the Individuals with Disabilities Education Act (the "IDEA" or "Act"), 20 U.S.C. §§ 100 *et seq*. (Docket No. 1). Plaintiff claims that the DOE: (1) did not complete his transition to either the world of work or toward an independent life; (2) did not provide "due process" when exiting him from the Special Education Program; (3)

improperly limited access to his records; and (4) failed to provide
and pay for all the Special Education and Related Services from
August 2013 through May 2016, as required by the Individualized
Education Program ("IEP"). Id. at 5. Plaintiff asserts that he
received special education services from a private school, instead
of from the DOE, for the following academic years: 2014-2015; 2015-
2016; 2016-2017; and August 2017 – January 2018. Id. Accordingly,
the relief sought consists of the cost for special education that
Plaintiff was entitled to during the aforementioned academic years
but that the DOE neither provided nor reimbursed. Id. Per the
*Complaint*, the total cost of special education and related services
(*e.g.*, therapies, transportation, etc.) amounts to $68,480.00. Id.

On July 16, 2019, the case was automatically stayed pursuant
to the Puerto Rico Oversight, Management, and Economic Stability
Act ("PROMESA"), 48 U.S.C. §§ 2102-2241. (Docket No. 12). A
stipulation modifying the stay in this case was made between the
Commonwealth of Puerto Rico and Plaintiff on September 27, 2021,
and the Court lifted the stay the next day. (Docket Nos. 15-16).

On November 10, 2021, the DOE filed its *Motion to Dismiss*.
(Docket No. 19). Essentially, it argues Plaintiff's claims
regarding academic school years between 2013 and 2016 are time-
barred in light of the IDEA's two-year statute of limitations. Id.
at 9-10. (*See* 20 U.S.C. § 1415(f)(3)(C)). Moreover, the DOE

maintains that Plaintiff did not exhaust administrative remedies regarding his claims as to the 2016-2017 and August 2017 – January 2018 school years. Id. at 11-12. Alongside its motion, Defendant attached the DOE Resolution, dated May 31, 2018, of Plaintiff's Administrative Complaint which only references claims made up to and including the 2015-2016 academic year. (Docket No. 24-1). Furthermore, Defendant highlighted that per the DOE Resolution, Plaintiff was **25 years old** when he was discharged from the Special Education Program on June 10, 2014, and **29 years old** when the Resolution was issued. Id. at 8-9. The DOE Resolution further notes that Plaintiff did not agree with being discharged from the program and has since filed several prior complaints, which were all dismissed due to lack of jurisdiction.

Following extensive briefing regarding whether counsel should be appointed, Plaintiff filed his *Opposition to Motion to Dismiss* on July 12, 2022. (Docket No. 60). Plaintiff asserts that the two-year statute of limitations does not apply if the agency withheld information, as was alleged in the *Complaint*. Id. at 7. Furthermore, Plaintiff argues that he did not have to exhaust administrative remedies if doing so would be futile. Id. On August 3, 2022, the DOE filed a *Reply to Opposition to Motion to Dismiss*. (Docket No. 63).

## II.  LEGAL STANDARD

### A. Dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1):

Federal courts are courts "of limited jurisdiction, limited to deciding certain cases and controversies." Belsito Commc'ns, Inc. v. Decker, 845 F.3d 13, 21 (1st Cir. 2016). The "party asserting jurisdiction has the burden of demonstrating its existence." Fina Air Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008). Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. A defendant may challenge the existence of subject matter jurisdiction either through a "facial attack" or a "factual attack." Id.

"In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction." Compagnie Mar. Marfret v. San Juan Bay Pilots Corp., 532 F. Supp. 2d 369, 373 (D.P.R. 2008) (quotation omitted). The court must take all the allegations in the complaint as true and determine if the plaintiff sufficiently evinced a basis of **subject matter jurisdiction**. See Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). Whereas "a factual attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Compagnie Mar. Marfret, 532 F. Supp. 2d at 373 (quotations omitted). When facing a factual attack,

the court is "not confined to the allegations in the complaint and 'can look beyond the pleadings to decide factual matters relating to jurisdiction.'" Rivera Torres v. Junta de Retiro Para Maestros, 502 F. Supp. 2d 242, 247 n.3 (D.P.R. 2007) (quotation omitted).

**B. Dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6):**

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint that "fails to state a claim upon which relief can be granted." Under Rule 12(b)(6), the plaintiff must plead enough facts to state a claim that is "plausible" on its face, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, […] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations marks, citations and footnote omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Further, a complaint will not stand if it offers only "naked assertion[s]" devoid of "further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

To determine whether a complaint has stated a plausible, non-speculative claim for relief, courts must treat non-conclusory

factual allegations as true. *See* Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). They may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (quotation omitted).

### III. APPLICABLE LAW

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education [("FAPE")] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" 20 U.S.C. § 1400 (d)(1)(A). *See also* C.G. ex rel. A.S. v. Five Town Cmty. Sch. Dist., 513 F.3d 279, 284 (1st Cir. 2008) ("Five Town") ("Congress designed the IDEA as part of an effort to help states provide educational services to disabled children."); Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 748 (2017). Specifically, the IDEA allocates federal funding to states in exchange for their commitment to ensure that FAPE "is available to all children with disabilities residing in the State **between the ages of 3 and 21**[.]" 20 U.S.C. § 1412(a)(1)(A) (emphasis added). *See also* Arroyo-Delgado v. Dep't of Educ. of Puerto Rico, 199 F. Supp. 3d 548, 558

(D.P.R. 2016) (citing P.R. Laws Ann. tit. 18, § 1352(2)) (noting that Puerto Rico law protects the right of disabled individuals to free education from birth through the age of 21 years.).

### A. **Administrative Remedies**

The IDEA "provides a framework for parents to commence an administrative process [conducted by the local or state educational agency] to raise complaints 'with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child.'" Valentin-Marrero v. Puerto Rico, 29 F.4th 45, 50 (1st Cir. 2022) (quoting 20 U.S.C. § 1415(b)(6)(A)). *See also* Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 58 (1st Cir. 2002); 20 U.S.C. § 1415(f)-(g). Furthermore, "[a]ny party aggrieved by the findings and decision made [at the administrative hearing] shall have the right to bring a civil action with respect to the complaint presented pursuant to this section [in state or federal court]." 20 U.S.C. § 1415(i)(2)(A).

However, before doing so, the IDEA mandates that parties *must* exhaust the administrative procedures outlined in the Act. 20 U.S.C. § 1415(l). *See also* Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 755 (2017) (noting that the Act requires exhaustion of administrative remedies "when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not

phrased or framed in precisely that way."). The First Circuit recently underscored the importance of exhausting the IDEA's administrative procedures by explaining that the fact "[t]hat the IDEA provides for judicial review of administrative decisions is 'by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review.'" Valentin-Marrero, 29 F.4th at 51 (quoting Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley, 458 U.S. 176, 206 (1982)). Moreover, "[p]ermitting parents to bypass the administrative process in order to have courts determine in the first instance whether an IEP provides a FAPE frustrates the IDEA's 'carefully calibrated balance and shifts the burden of factfinding from the educational specialists to the judiciary.'" Id. (quoting Frazier, 276 F.3d at 61).

As an exception, "exhaustion is not required where it 'would be futile or inadequate.'" Parent/Pro. Advoc. League v. City of Springfield, Massachusetts, 934 F.3d 13, 21 (1st Cir. 2019) (quoting Honig v. Doe, 484 U.S. 305, 327 (1988)). See also Rose v. Yeaw, 214 F.3d 206, 210-211 (1st Cir. 2000) ("A plaintiff does not have to exhaust administrative remedies if [they] can show that that the agency's adoption of an unlawful general policy would make resort to the agency futile, or that the administrative

remedies afforded by the process are inadequate given the relief sought.").

### B. <u>Statute of Limitations</u>

The IDEA provides that "[a] parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint[.]" 20 U.S.C. § 1415(f)(3)(C). Notably, the Act also establishes that the aforementioned 2-year statute of limitations does not apply to a parent if they were prevented from requesting an administrative hearing due to: "**(i)** specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or **(ii)** the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent." <u>Id.</u> § 1415(f)(3)(D).

### IV.  DISCUSSION

In the case at bar, there is no debate as to whether: (a) Plaintiff's claims regarding actions between 2013 and 2016 are outside the scope of the two-year state of limitations; or (b) Plaintiff failed to exhaust administrative remedies as to his claims for the 2016-2017 and August 2017 – January 2018 academic years. Instead, Plaintiff asserts that the statute of limitations does not apply to his claims because, as alleged in the *Complaint*,

the DOE withheld information, *i.e.*, access to his records. (Docket No. 60 at 7). Moreover, Plaintiff maintains he did not have to exhaust administrative remedies because doing so would be futile. Id.

As to the latter, Plaintiff has not adequately plead why this case should be exempted from the statutory requirement of exhausting administrative remedies. His assertion that a "futility exception" applies is not adequately supported with cases and authorities as required by the Local Rules of this District. *See* L. CV. R. 7(a). Therefore, Plaintiff's claims related to the 2016-2017 and August 2017 – January 2018 academic school years are **DISMISSED** for failure to exhaust administrative remedies.

Regarding the remaining claims, the Court notes that the *Complaint* adequately pleads that the DOE withheld documents, and that such conduct can toll the two-year statute of limitations. *See* 20 U.S.C. § 1415(f)(3)(D). Yet, the Court need not address the merits of this argument because Plaintiff's filings are silent as to what legal authority allows the DOE or this Court to grant compensatory relief for actions that occurred *after* Plaintiff aged out of IDEA eligibility at 21 years old. Plaintiffs are seeking compensatory relief for conduct that occurred from 2014 onward. (Docket No. 1 at 5). Per the DOE Administrative Resolution, Plaintiff was **25 years old** when he was discharged from the Special

Education Program on June 10, 2014. (Docket No. 24-1 at 2).
Therefore, Plaintiff is only seeking relief for the DOE's alleged
failure to provide adequate services *after* he turned 21 years old.

Courts have "recognized that adults (i.e., individuals over
twenty-one) have a remedy for deprivations of their right to a
free appropriate education during the period **before they reached
age twenty-one**." Carlisle Area Sch. v. Scott P. By & Through Bess
P., 62 F.3d 520, 536 (3d Cir. 1995), amended (Oct. 24, 1995)
(emphasis added). *See also* State of N.H. v. Adams, 159 F.3d 680,
682 (1st Cir. 1998) ("Although the obligation to furnish a FAPE
ordinarily ends at age 21, *see* 20 U.S.C. § 1412(2)(B), individuals
over that age sometimes may receive educational benefits to
compensate for prior deprivations."); Pihl v. Massachusetts Dep't
of Educ., 9 F.3d 184, 189 (1st Cir. 1993); Maine Sch. Admin. Dist.
No. 35 v. Mr. R., 321 F.3d 9, 17-18 (1st Cir. 2003).[1] However,
Plaintiff has not cited, and the Court has not found, cases
awarding remedies for alleged IDEA violations that *occur* well after
an individual surpasses 21 years of age. In this action, Plaintiff
is *exclusively* seeking redress for alleged inadequate services
received after he was 25 years of age and outside of the bounds of

---

[1] Likewise, merely reaching 21 years of age will not moot otherwise valid claims
regarding IDEA violations that occurred before. *See e.g.,* Brett v. Goshen Cmty.
Sch. Corp., *161 F. Supp. 2d 930, 941-42 (N.D. Ind. 2001).*

IDEA eligibility. Therefore, the remaining causes of action of the *Complaint* must be **DISMISSED** for failure to state a claim.

## V.    BACKGROUND

In light of the above, the totality of the claims in Plaintiff's *Complaint* at Docket No. 1 are **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of September 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge